UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 25-CR-60081-RS

UNITED STATES OF AMERICA

v.

TERRY GARDENER,

Defendant.
_________________________________/

STIPULATED STATEMENTS OF FACT

The United States of America and Terry Gardener agree that, had this case gone to trial, the United States would have proven, beyond a reasonable doubt, the following facts, among others, which occurred in Broward County, in the Southern District of Florida:

Gardener is a citizen and national of Jamaica. Gardener entered the United States on December 10, 1981, on an immigrant visa. Gardener was arrested three times between 1990 and 1991 for narcotics related charges in Connecticut. Gardener was deported as an aggravated felon on May 21, 1992.

At some point between his deportation and 1996, Gardener re-entered the U.S. without authorization. Gardener applied for and was issued a Florida Driver's License in 2006 under the identity of Charles Lamont Gardner—a deceased child. On December 3, 2012, Gardener submitted a United States passport application under the Charles Lamont Gardner identity. Gardener was subsequently issued a U.S. passport on December 11, 2012, under the Charles Lamont Gardner identity.

On July 20, 2023, Gardener submitted a U.S. Passport Renewal Application by mail. As proof of identity and citizenship, Gardener submitted the previously issued U.S. passport that had expired in the name of Charles Lamont Gardner. While applying for the U.S. passport under the false identity of Charles Lamont Gardner, he also claimed to be a United States citizen. Therefore, the statements Gardener knowingly and willfully made in the passport application, regarding his true name and his citizenship status, were false and

were made with the intention of receiving a benefit, a U.S. passport, for his own use.

Gardener was observed by a Diplomatic Security Service agent on February 28, 2025, in Lauderhill, Broward County. Before entering the United States, Gardener had not applied for readmission or been granted permission to apply for readmission to the United States.

Fingerprints taken from Gardener's deportation in 1992 were compared to fingerprints taken from a 2015 arrest in Miami Dade under the Charles Lamont Gardner identity, as well as fingerprints taken when Gardener was arrested in the instant case. The fingerprints were found to be from the same person.

The defendant agrees that aforementioned facts satisfy the following: the elements of False Statement in Application and Use of passport, in violation of Title 18, United States Code, Section 1542, as charged in Count 1 of the Indictment; the elements of False Claim of U.S. Citizenship to Obtain a Federal Benefit, in violation of Title 18, United States Code, Section 1015(e), as charged in Count 3 of the Indictment; and, the elements of Reentry by an Alien Previously Removed or Deported, in violation of Title 8, United States Code, Section 1326(b)(2), as charged in Count 4 of the indictment.

HAYDEN P. O'BYRNE
UNITED STATES ATTORNEY

Date: 7-22-25 By: ______________________
Christopher Killoran
Assistant United States Attorney

Date: 7/22/2025 By: ______________________
Timothy Day
Attorney for the Defendant

Date: 7/22/2025 By: ______________________
Terry Gardener
Defendant